## CORDER *et al.* v. PURCELL.

No. 4878.   Opinion Filed July 27, 1915.

Rehearing Denied September 7, 1915.

(151 Pac. 482.)

1.   **APPEAL AND ERROR—Review—Law of Case.**   In the second appeal of a cause to this court, the facts being found to be practically the same as on the first appeal, the rule applies that the decision on the first appeal becomes the law of the case in all of its subsequent stages, and will not be reviewed upon such second appeal.

2.   **SPECIFIC PERFORMANCE—Right To.**   A suit in equity may be maintained to enforce specific performance of an oral contract for the conveyance of land, where the moving party has fully performed the terms of such contract on her part.   **Purcell v. Corder,** 33 Okla. 68, 124 Pac. 457.

3.   **APPEAL AND ERROR—Review—Harmless Error.**   The admission of incompetent evidence by the trial court will not warrant the reversal of a judgment supported by competent evidence, unless the Supreme Court can say, upon an examination of the entire record, that a miscarriage of justice has probably resulted, or a statutory or constitutional right of the complaining party has been violated.   Section 6005, Rev. Laws 1910.

(Syllabus by Galbraith, C.)

*Error from District Court, Pawnee County;*
*L. M. Poe, Judge.*

Action by Mary Purcell against Henry Corder and others.   Judgment for plaintiff, and defendants bring error.   Affirmed.

See, also, 33 Okla. 68, 124 Pac. 457.

*Geo. E. Merritt,* for plaintiffs in error.

*W. L. Eagleton,* for defendant in error.

Opinion by GALBRAITH, C.   This action was commenced in the trial court by Mary Purcell against the

plaintiffs in error, as defendants, to quiet title to 80 acres. of land in Pawnee county, Okla. The petition contained. the usual allegations in such actions. The answer, in addition to a general denial, alleged that the land in dispute belonged to one Eliza Craft, who died seised thereof, intestate, and without issue, on the 26th day of November, 1908; that she was not survived by a husband, father, or mother, but was survived by these defendants. as next of kin; that they were brothers and sisters of the deceased, and succeeded to the title to said land by virtue of their relationship to her.

A reply to the answer was filed by Mary Purcell, in which she set out, in substance, that the land was purchased by her father, Wm. Craft, the husband of Eliza. Craft, and the stepmother of Mary Purcell; that by virtue of an oral contract, entered into between Mary Purcell and Wm. Craft and Eliza Craft, in consideration whereof Mary Purcell was to contribute money to the support of Wm. Craft and Eliza Craft, and to care for them during their natural life, the land at the death of Wm. Craft. should go to Eliza Craft for life, and at her death should belong to Mary Purcell; that Wm. Craft, some time before his death, deeded the land to Eliza Craft, with the understanding that prior to her death she should make a will devising the same to Mary Purcell; that although Mary Purcell faithfully performed her part of the contract, and advanced money and cared for Wm. and Eliza. Craft during their lifetime, and up until the time of their death, Eliza Craft, having been called suddenly, neglected and failed to make a will devising the land to Mary Purcell, as she had agreed to do, and by reason of this contract and its performance on the part of Mary Purcell these defendants, as next of kin of Eliza Craft, hold.

the. land, or each respective interest that they claim to have inherited, in trust for her, and that the legal title thereto was in Mary Purcell.

To this reply the defendants interposed a demurrer, which was by the trial court sustained. From the order sustaining the demurrer, Mary Purcell prosecuted an appeal to this court, where it was held, in *Purcell v. Corder et al.*, 33 Okla. 68, 124 Pac. 457, that the court erred. in sustaining the demurrer to the reply, and that, if the evidence was sufficient to establish an oral contract, as. alleged therein, Mary Purcell could maintain a suit in equity for the specific performance of such contract. against these defendants, as next of kin, and the cause was remanded for a new trial. In pursuance of the mandate. of this court, the trial court proceeded to try the case. upon the issues made by the petition, answer, and reply, and found in favor of the plaintiff, Mary Purcell, and decreed that she was the owner of the fee in said land, and quieted the title thereto in her as against the claim of the defendants. From that decree an appeal has been prosecuted to this court.

It is first complained that the court erred in overruling the demurrer to the evidence. The defendants, having offered no evidence at the trial, relied upon the demurrer to the evidence of the plaintiff, on the ground that it was not sufficient to sustain the allegations of the entering into the oral contract for the conveyance or devising the land to Mary Purcell, as set out in her reply. The court overruled this demurrer, and this ruling is. assigned as error. This assignment is without merit, since there were three witnesses, aside from the plaintiff herself, who testified to the making of the contract.

between Mary Purcell and her father, and with the knowledge and consent of her stepmother, Eliza Craft, and as to the performance of the contract on the part of Mary Purcell.

It is again complained that Mary Purcell was permitted, over the objection of the defendants, to testify as to the time and place and terms of the contract entered into with her father and stepmother relative to this land. It is contended that this was error, since section 5049, Rev. Laws 1910, provides that:

"No party to a civil action shall be allowed to testify in his own behalf, in respect to any transaction or communication had personally by such party with a deceased person, when the adverse party is the executor, administrator, heir at law, next of kin, surviving partner or assignee of such deceased person, where such party has acquired title to the cause of action immediately from such deceased person."

We are inclined to agree with the contention of the plaintiffs in error that it was error for the court to permit this witness to testify as to these facts; however, it does not follow that the cause should be reversed on account of this error. In fact, section 6005, Rev. Laws 1910, seems to forbid the reversal of a judgment on account of an error in the admission of testimony—

"unless, in the opinion of the court to which the application is made, after an examination of the entire record it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right."

In *St. L. & S. F. R. Co. v. Hart*, 45 Okla. 659, 146 Pac. 436, the eighth paragraph of the syllabus reads:

"Section 6005, Rev. Laws 1910, provides that no judgment shall be set aside on the ground of misdirection of the jury, or improper admission or rejection of evidence, unless in the opinion of the Supreme Court, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a violation of a constitutional or statutory right of the aggrieved party."

After an examination of the entire record in this case, we cannot say that the admission of the testimony of Mary Purcell, as to this contract with her father and stepmother, resulted in a miscarriage of justice. In fact, the decree of the trial court seems to be a proper and just one, and the only judgment that would have effectuated justice between the parties in this action. It appears that Mary Purcell was four years old when her father and stepmother married; that she lived with them for 10 years thereafter, and when she was 14 years of age her father met with an accident that incapacitated him from pursuing his usual labors, and that Mary Purcell then left home, and hired out as a domestic, and contributed one-half of her salary to the support of her father and stepmother, and that she continued to contribute to their support as much as $10 a month for the remainder of her father's life, and also continued to support her stepmother after her father's death; that she kept no accurate account of these contributions, but the amount was estimated to be something like $1,500, or the value of the land in controversy; that the defendants, although they knew of the necessities of their kinsmen, failed to contribute anything to their support during their lifetime.

This cause was tried to the court. If the evidence of Mary Purcell, in regard to the contract, is excluded.

altogether, there still remains the evidence of three witnesses, two of the sisters and a brother of Wm. Craft, who testified as to the contract and its terms, and as to its performance on the part of Mary Purcell. The testimony of these witnesses is ample to support the allegations of the reply.

Under the law of this case, as declared by this court on the prior appeal, if the evidence was sufficient to prove the making of this oral contract and the performance on the part of Mary Purcell, specific performance thereof may be enforced in this suit. That is the effect of the decree appealed from. It seems to us a most righteous judgment, and it should be sustained.

We therefore recommend that the judgment appealed from be affirmed.

By the Court: It is so ordered.