**KING et al. v. GANT.**

No. 9025.—Opinion Filed Dec. 23, 1919.

Rehearing Denied Feb. 3, 1920.

(Syllabus by the Court.)

1. **Specific Performance—Right to Maintain Suit.**

A suit in equity may be maintained to enforce specific performance of an oral contract for the conveyance of land, where the moving party has fully performed the terms of such contract on his part.

2. **Appeal and Error—Review—Sufficiency of Evidence.**

Where the findings of the trial court are not clearly against the weight of the evidence, the judgment of the court will not be disturbed on appeal.

3. **Partnership—Definition.**

A partnership is an association of two or more persons for the purpose of carrying on a business together and dividing the profits between them.

4. **Specific Performance—Right to Maintain Suit—Parties.**

In an action for the specific performance of a contract to convey an interest in real estate, the fact that said parties had disposed of a portion of the property or a part of their interest therein prior to the institution of proceeding to require specific performance will not defeat the right of the plaintiff to specific performance where the record discloses that at the time of the institution of the suit the parties had sufficient interest in the premises to comply with the demand of the plaintiff, and it is unnecessary to make the parties defendants who have purchased since the institution of said suit.

5. **Same—Evidence—Admissibility.**

The evidence examined, and held, that it was not error to admit the evidence of F. M. Pruitt, under the facts and circumstances in this case, taking into consideration his association with the defendants and connection with the transaction.

6. **Same—Sufficiency of Evidence.**

Evidence examined, and held, the judgment of the trial court is not clearly against the weight of the evidence.

Error from District Court, Carter County; W. F. Freeman, Judge.

Action by Walter H. Gant against B. F. King and others. From judgment for plaintiff, defendants bring error. Affirmed.

W. L. Eagleton and J. B. Dudley, for plaintiffs in error.

O. C. Lasher and L. S. Dolman, for defendant in error.

McNEILL, J. This is an action brought by Walter H. Gant against B. F. King, Lon A. Moore, and A. F. Pyeatt, for specific performance, to require the defendants to execute an assignment of one-sixteenth of all oil produced from certain lands in Carter county, free from any cost or expense to said Walter H. Gant. The petition alleged, in substance, that plaintiff had a certain oil and gas lease for sale, and that he entered into an oral contract and agreement with the defendants, whereby he was to obtain an assignment for

them, and as a commission, after the defendants carried out certain terms of the assignment, the defendants were to assign to plaintiff an undivided one-sixteenth of all the oil produced from said premises, without cost to him, for his commission; that said lease was owned by Apple & Franklin and their associates at Ardmore, Oklahoma; the consideration for said assignment being that Apple & Franklin and associates were to receive one-fourth of the oil and gas produced from said premises; the assignment also providing that the defendants were to commence a well within 30· days from the date of the assignment, and were to drill a well to a depth of 1,300 feet, unless oil or gas was found in paying qualities ·before said depth, and a further condition being that defendants were to drill five wells upon said land within one year. Plaintiff alleges that he has performed all of his part of said contract, and defendants have received the assignment of the lease, and have taken possession of the leased premises and drilled a well, but have refused to assign him his one-sixteenth of the oil.

The defendants filed their answer, which was a general denial, and which set up numerous defenses, one being that the contract, being oral, and for the conveyance of an interest in real estate, was void because it came within the statute of frauds.

Upon the trial of the case, the plaintiff, Walter H. Gant, testified concerning his contract with the defendants, alleging that this agreement was entered into about Thanksgiving time in 1914, between Moore and Pruitt, and the assignment of the lease was consummated in February, 1915, to King, Moore, and Pyeatt.

In this he was corroborated by Mr. Apple, Mr. Franklin, Mr. Smith, and partly by F. N. Pruitt. The defendants introduced evidence denying all of these facts. Upon this evidence, the court found, first, that the plaintiff had performed his part of the agreement, and that the defendants had agreed to assign to the plaintiff an undivided one-sixteenth of the oil produced from said premises. The court further found, as a matter of law, that the relation of King, Moore, and Pyeatt, so far as the assignment of the lease to them and their agreement to develop the premises are concerned, amounted to a partnership, and the acts of one would be the acts of all. From a judgment in favor of the plaintiff, the defendants appealed.

The defendants, for reversal, assign as error 19 separate and distinct assignments of error, and group them together, and they may be considered as follows:

First. Was the agreement and contract upon which the plaintiff relied (being oral and for the conveyance of an interest in real estate) void for the reason that it came within the statute of frauds?

Second. Was it error to admit the evidence of F. N. Pruitt?

Third. Was there a partnership between King, Moore, and Pyeatt?

Fourth. Is the finding of the trial court clearly against the weight of the evidence?

Fifth. Did Defendant King have notice of plaintiff's contract?

Sixth. Was it necessary for parties who acquired interest in the lease since the filing of the suit to be made parties to this suit?

For reversal, the defendants rely, first, upon the proposition that the agreement or contract upon which the plaintiff relied, being oral, cannot be enforced, and rely upon section 941, Revised Laws 1910. The contract is for the conveyance of an interest in real estate, but the court found the plaintiff had performed his part of the contract, and the defendants performed all the conditions they were to perform, except the execution of the assignment to plaintiff.

This court, in the case of Chowning v. Graham, 74 Oklahoma, 178 Pac. 676, stated the rule as follows:

"Where a contract within the statute of frauds is fully or partially performed, the same is thereby taken out of the statute, and is enforceable."

In the case of Purcell v. Corder, 33 Okla. 68, 124 Pac. 457, and in the case of Corder v. Purcell, 50 Okla. 771, 151 Pac. 482, the court said:

"A suit in equity may be maintained to enforce specific performance of an oral contract for the conveyance of land, where the moving party has fully performed the terms of such contract on her part."

Under the allegations of the petition and the proof of plaintiff, the case is brought squarely within the rule laid down by this court in the case of Corder v. Purcell, supra.

The next assignment of error is, the court erred in the admission of the testimony of F. N. Pruitt. The evidence disclosed that Mr. Pruitt and Mr. Moore had first taken up the question of buying the lease from Apple & Franklin with Mr. Gant; that Mr. Pruitt continued to be interested, and conversed with the different parties regarding this transaction up to the time the assignment was made to King, Moore, and Pyeatt; that immediately after the assignment, Pruitt

made arrangements for the water and gas for drilling the well; was on the premises assisting and looking after the drilling, paid part of the bills with his own personal checks and part with checks of the Must Have Oil Co. Under these facts and circumstances, we think there was no error in the admission of his testimony. And the court committed no error in refusing to strike out said evidence.

The next question is, Are the findings of the court clearly against the weight of the evidence? The plaintiff's evidence upon all the material facts was corroborated by Mr. Apple, and Mr. Franklin, and Mr. Smith, and partly by Mr. Pruitt. In regard to Mr. Pruitt's connection with the operation of the premises, and looking after the premises while drilling the first well, plaintiff was corroborated by Mr. Harlow. These facts were all denied by the defendants, but on these questions the evidence was conflicting, and the court found the issues in favor of the plaintiff. The evidence being conflicting, the court saw the witnesses upon the stand, their demeanor, and has made his finding in favor of the plaintiff. We cannot say that this finding of the court is clearly against the weight of the evidence.

The next question presented is, Did the court err in finding that the partnership existed between King, Moore, and Pyeatt? It is doubtful whether this question would be material, but the court found that the drilling contract entered into by King, Moore and Pyeatt, wherein they agreed to drill a well within 30 days and to further develop the premises, constitutes a partnership agreement. The assignment of the lease would not make the parties a partnership, but where the lease was assigned to these parties in their individual names, and they agreed to commence a well within thirty days, and to drill to a depth of at least 1,300 feet, unless oil or gas was found in paying quantities, and further agreed to continue drilling wells on said land until five wells were drilled within 12 months, these are facts and circumstances to be considered. Is the finding as to said assignment, which in fact was a drilling contract, sufficient to support the finding that the same is a partnership agreement?

The evidence is silent upon how the profits, if any, should be divided, or the losses sustained, nor is there any evidence of how the expenses of developing the lease were to be paid, or what arrangements the defendants had made among themselves for developing the lease. The defendants simply testified they were not partners. Section 4431, Revised Laws 1910, defines a partnership as follows:

"A partnership is the association of two or more persons for the purpose of carrying on a business together and dividing the profits between them."

This court, in the case of Chowning v. Graham, 74 Oklahoma, 178 Pac. 676, quoted from the case of Pasche v. South St. Joseph Townsite Co., (Mo. App.) 190 S. W. 31, as follows:

"Where parties agreed to share the profits of a buisness without mentioning losses, the fact did not destroy the effect in creating a partnership of what was expressly said as to profits."

This court, in the case of Mendonca v. Russell, 50 Okla. 376, 150 Pac. 1061, states as follows:

"Where the evidence tends to show a common interest between them to reciprocally participate in losses as well as the profits of the business, the evidence held to raise the question of implied partnership sufficient to entitle the plaintiff to go to the jury."

By applying the statute and decisions of this court we cannot say that this finding of the court is clearly against the weight of the evidence, nor that simply a denial on behalf of the defendants that they were partners, without stating the terms or conditions of their agreement to develop the premises, would be sufficient to overcome the presumption under the facts and circumstances as disclosed by the record in this case.

The next question presented is, Did King have notice that the plaintiff was to receive an undivided one-sixteenth of the oil? The evidence upon this question is conflicting. There was evidence that Mr. King had talked to plaintiff concerning this transaction, and there is also testimony that Mr. King was present in Franklin's office when this matter was talked over. These facts and circumstances were all denied by Mr. King. We think there is sufficient evidence to support the judgment of the court on this question, and the finding of the court on this question is not clearly against the weight of the evidence.

The next question for consideration is, was it necessary for additional parties defendant to be made parties to this suit? The record discloses that Mr. Moore sold his interest to Mr. King, or at least gave Mr. King his interest prior to the bringing of this suit. That thereafter Mr. King, prior to the time of filing this suit, sold a one-third interest in the lease to Crittendon. This was transferred to the Crittendon Oil and Gas Co. He also disposed of the 1-4 of his 1-3 interest to Mr. Wilson. This was also transferred to the Crittendon Oil and Gas Co. The petition in this case was filed on the 26th day of April, 1915. Mr. Pyeatt also prior to that time had sold

a certain portion of his interest in the lease. On the 6th day of May, 1915, Pyeatt, King, and Crittendon entered into an agreement attempting to divide their interest in the premises. While it is a well-settled rule of law that specific performance will not be enforced where, prior to the commencement of suit, the premises were transferred to an innocent purchaser, section 735, volume 2, Warvelle on Vendors (2nd Ed.) states as follows:

"A purchaser of real property with notice of a prior contract to convey the same to a third party takes the estate encumbered with the equitable right of the original contract to a completion of his bargain, etc. Specific performance decreed; and it would be error in such case to decree compensation."

At the time of the commencement of this suit, Mr. King's interest in the premises was as follows: He had a one-third interest in the lease, and had purchased Moore's one-third, and had disposed of a one-third interest to Mr. Crittendon and a one-fourth of one-third interest to Mr. Wilson, leaving his interest at the time of the trial at three-fourths of one-third, or a one-fourth interest in the lease. Mr. Pyeatt had all of his interest, according to the record, except an interest in about six acres. While it is true that since said time the parties may have disposed of their interest, yet the parties purchased the same subject to this law suit. Mr. King and Mr. Pyeatt had sufficient interest at the time of the institution of this suit to comply with the order of the court. That being true, all purchasers, since the filing of said suit having purchased with knowledge, were not necessary parties to this suit. The answer of King and Pyeatt never raised this question, nor was the same ever called to the attention of the trial court by motion. None of the purchasers have seen fit to interplead in this case, or claim to be innocent purchasers, or set forth their rights herein.

There being no material error in the record, the judgment of the trial court is affirmed.

PITCHFORD, JOHNSON, HIGGINS, and BAILEY, JJ., concur.