## BARNARD v. AKERS et al.

No. 9872—Opinion Filed Nov. 16, 1920.

(Syllabus by the Court.)

1. **Vendor and Purchaser—Notice of Negotiations With Other Prospective Buyers—Effect.**

Where two or more persons are attempting to purchase the same property, neither is bound by any notice of the acts of the other until an enforceable contract is made by one of them. Notice of mere negotiations pending is not sufficient.

2. **Specific Performance — Impossibility of Performance—Prior Sale of Premises.**

It is a well-settled rule of law that specific performance will not be enforced where, prior to the commencement of suit, the premises were transferred to an innocent purchaser.

3. **Vendor and Purchaser—Notice of Third Party's Rights—Judgment—Evidence.**

From an examination of the entire record, held, the finding of the trial court upon the question of Mr. Farriss having purchased the property without notice of a binding contract between Mr. Barnard and Mr. Akers is not clearly against the weight of the evidence.

Error from District Court, Dewey County; T. P. Clay, Judge.

Action by C. E. Barnard against W. H. Akers and others to recover real property. Judgment for defendants, and plaintiff brings error. Affirmed.

W. P. Hickok, for plaintiff in error.

Harry H. Smith and F. L. Hoyt, for defendants in error.

McNEILL, J. This action was commenced in the district court of Dewey county, Okla.,

by C. E. Barnard against W. H. Akers, Bertha Akers, T. H. Farriss, Medlin Farriss, and Mrs. F. H. Farriss, to decree plaintiff to be the owner of one hundred sixty (160) acres of land in Dewey county and to decree that T. H. Farriss held the same in trust for plaintiff.

The third amended petition of plaintiff alleged that W. H. Akers, who was residing in Florida, was the owner of one hundred sixty (160) acres of land in Dewey county and entered into an agreement in writing to sell the same to C. E. Barnard for the sum of thirty-five hundred ($3,500) dollars; five hundred ($500) dollars cash, and two hundred fifty ($250) to be paid on the 1st day of December, 1918, and two hundred fifty ($250) dollars each year thereafter. It is alleged that said contract was evidenced and consummated by numerous letters, all of which were attached to plaintiff's petition. It is further alleged that F. H. Farriss and Medlin Farriss had entered into a conspiracy to deprive plaintiff of the benefits of said contract, with full knowledge of plaintiff's contract, and obtained a deed from Akers, and plaintiff asks that Farriss be decreed to hold the title of said land in trust for plaintiff and be required to execute a deed to plaintiff. The defendants answered denying that any contract existed between Barnard and Akers, and alleged that Farriss had bought the land and paid the sum of four thousand ($4,000) dollars therefor, and that F. H. Farriss was the owner thereof. Upon trial of the case to the court, the court made findings of fact and conclusions of law. The court found that the letters between plaintiff, Barnard, and defendant, Akers, amounted to a contract of sale of said land, and further found that prior to the consummation of the contract between Barnard and Akers, Farriss had offered Akers four thousand ($4,000) dollars for said land, and said offer was accepted by Akers on the 4th day of December, and the sale of the property to Farriss was consummated on the 16th day of December, and that Farriss became the owner of said land without any notice of a contract between Akers and Barnard. The court quieted the title in Farriss. From said judgment, Barnard has appealed and for reversal assigns numerous assignments of error.

If the plaintiff is entitled to recover, the evidence must disclose that Farriss purchased with notice of the contract existing between plaintiff and Akers, following the holding of this court in the case of King v. Gant, 77 Okla. 105, 186 Pac. 960, where this court stated as follows:

"A purchaser of real property with notice of a prior contract to convey the same to a third party takes the estate incumbered with the equitable right of the original contract or to a completion of his bargain," etc.

It is also a well settled rule of law that, if a third party purchases premises without the knowledge of a pre-existing contract to convey to another, he takes the same as an innocent purchaser and free from the pre-existing contract. This rule was announced in the case of King v. Gant, supra, as follows:

"It is a well-settled rule of law that specific performance will not be enforced where, prior to the commencement of suit, the premises were transferred to an innocent purchaser."

The court in passing upon the evidence found that F. H. Farriss purchased the land without any notice of a contract existing between Mr. Barnard and Mr. Akers. The only question, then, necessary for determination of the case is whether the finding of the trial court upon this issue of fact is clearly against the weight of the evidence. The record discloses that the contract which the court found existed between Barnard and Akers was not completed until December 2, 1914, when Mr. Barnard deposited a letter of acceptance of the terms of the contract in the postoffice. If Mr. Farriss had knowledge of the existence of said contract, it must be gathered from the following evidence: Mr. Sparks testified that about the last of November, in a conversation with Mr. Farriss, he told Mr. Farriss that he understood Barnard purchased the place. It must be remembered that upon that date Mr. Barnard had not purchased the place, nor did he have a contract for the purchase of the same. Mr. Farriss denies this conversation. Mr. Barnard, the plaintiff, testified that about the 1st of December, he informed Mr. Farriss that he had purchased the place, and the rent, and wanted to know if Mr. Farriss did not want to buy some of the millet hay. This conversation was also denied by Mr. Farriss. Mr. Barnard, the father of the plaintiff, testified that in a conversation during the last part of November he informed Mr. Farriss that his son had bought the place. The trial court in passing upon the testimony of Mr. Sparks, stated that even if the conversation was had as stated, it did not amount to notice that Barnard had an enforceable contract for the place, but was simply a rumor.

There is no evidence in the record that after December 2, 1914, or when the court found that Akers and Barnard had entered into a contract, Mr. Farriss had any knowl-

edge that a contract was executed. The only evidence offered by plaintiff was that, prior to the time plaintiff entered into his contract, the defendant was informed that he had purchased the same. While Mr. Farriss denied these conversations, still if we would take the same as being true, and if Mr. Farriss had made an investigation of the facts he would have found no contract existing, because it did not exist prior to December 2, 1914, so any inquiry he would have made would not have revealed to him that a contract existed, and he would only have been advised that the parties were negotiating concerning a contract. This does not bring the case within the rule announced in the case of King v. Gant, but brings the case within the rule announced in the case of Poling v. Williams (W. Va.) 46 S. E. 704, as follows:

"Where two persons are attempting to purchase the same property, neither is bound by any notice of the acts of the other until an enforceable contract is made by one of them. Notice of mere negotiations pending is not sufficient."

The evidence discloses that Mr. Farriss telegraphed Mr. Akers, who resided in Florida, on December 1st, and offered him four thousand ($4,000) dollars for the land. On December 4th, Mr. Farriss received a telegram from Mr. Akers accepting his offer. Thereafter the deed was acknowledged on the 13th day of December; and on the 16th day of December the money was paid, and the deed filed for record on the 26th day of December. On the 8th day of December Mr. Akers notified Mr. Barnard that he had sold the place to another party; still plaintiff commenced no proceeding, nor did he notify Mr. Farriss of his contract until after the money was paid and the deed filed for record.

We do not think there is any evidence in the record that would justify a finding that Mr. Farriss purchased with notice of a binding contract existing between plaintiff and Mr. Akers. The finding of the court upon this question of fact is not clearly against the weight of the evidence, but, we think, is supported by the evidence.

For the reasons stated, the judgment of the trial court is affirmed.

All the Justices concur.