**SOUTHAMPTON WHOLESALE FOOD TERMINAL, Inc.**

v.

**PROVIDENCE PRODUCE WAREHOUSE COMPANY.**

**Civ. A. No. 55–136–A.**

United States District Court,
D. Massachusetts.

March 29, 1955.

J. J. Spiegel, Boston, Mass., for plaintiff.

Herbert Alpert and Lawrence R. Cohen, Boston, Mass., for defendant.

ALDRICH, District Judge.

This is a motion to dismiss a complaint in which the plaintiff seeks specific performance of a construction loan agreement under which the defendant took a mortgage of plaintiff's real estate, which mortgage referred to a $900,000 note, and agreed to advance sums from time to time thereon, "including such part of the Borrower's attorneys' fees as may be approved by the Lender." The maximum to be loaned in all was not to exceed the $900,000. The defendant has advanced to date some $800,000, but nothing for a fee. The plaintiff seeks an additional $40,000 for its attorney's fee. It does not allege that the defendant has approved this amount, but only that it, the plaintiff, has, and that the fee is a reasonable one. It is not specifically alleged that the plaintiff's remedy at law is inadequate, and there are no allegations of damages.

The defendant moves to dismiss because of absence of the jurisdictional amount, and because the complaint does not allege the defendant's approval of the fee.

■ It seems to me that the first question is whether the plaintiff could be entitled to specific performance under any circumstances. The general rule is that an agreement to lend money cannot be specifically enforced because of adequacy of the legal remedy. Jamison Coal & Coke Co. v. Goltra, 8 Cir., 143 F.2d 889; Howe v. Nickerson, 14 Allen,

Mass., 400, semble. It has been held, however, that cases of construction mortgages are an exception. Columbus Club v. Simons, 110 Okl. 48, 236 P. 12, 41 A. L.R. 350; Jacobson v. First National Bank, 129 N.J.Eq. 440, 20 A.2d 19, affirmed 130 N.J.Eq. 604, 23 A.2d 409. Since the law regards land as unique an agreement to buy land can be specifically enforced even though the defendant's sole obligation is to pay money. Greene v. Marshall, 1 Cir., 108 F.2d 717. Although the question is close, it may not be too great a stretch to include advances under a construction mortgage.

If the plaintiff can be entitled to specific performance of a payment of $40,-000 there can be no question of the jurisdictional amount. Indeed, it would seem that jurisdiction is present even if I should conclude, on consideration, that as matter of law the plaintiff could not be entitled to specific performance. Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L. Ed. 939.

■ There remains the question of the defendant's approval of the fee. The defendant says that this means subjective approval, and that it can refuse for any reason, provided it was not arbitrary or capricious. I do not feel this is a sensible interpretation of such a business instrument. A loan involves no personal taste or idiosyncrasy, such as one's liking for a suit of clothes, a painting, or even an assignee of a tenant, all of which one has to live with. An obligation of so limited a character would be of small practical worth to the plaintiff, whose admitted object was to have the mortgage cover all of its expenses. I believe that the test here is not whether the defendant merely had sufficient grounds to refuse so that it could be said that it was acting in good faith. It is not even whether its refusal could be found to be reasonable. On the contrary, the defendant is liable if it reasonably should have approved.[1] Traiser v. Commercial Trav-

---

1. Whether furnishing evidence to the defendant which should have satisfied it was a condition precedent to bringing suit, and whether the plaintiff can have relief in the present action for less than $40,000 if only a smaller amount is reasonable, are matters not considered on this motion.

elers' etc. Association, 202 Mass. 292, 88 N.E. 901, and cases cited.

On this basis the complaint alleges a cause of action. I might say, in passing, that I find no support in the agreement for the defendant's contention that it had to approve the fees before they were incurred. If the plaintiff wanted to take the chance of committing itself first, it was free to do so.

The defendant's motions to dismiss, and for a more definite statement, are denied.