# VANDEVENTER et ux, *Appellants,*

*v.*

# DALE CONSTRUCTION COMPANY et al, *Respondents.*

## (No. 33-940, SC 24605)

562 P2d 196

Floyd Hinton of Deich, Deich and Hinton, Portland, argued the cause and filed a brief for appellants.

Mark Dodson, Portland, argued the cause for respondent Amfac. With him on the brief were Oglesby H. Young, and Dezendorf, Spears, Lubersky & Campbell, Portland.

Ralph Bolliger of Bolliger, Hampton & Tarlow, P. C., Beaverton, argued the cause and filed a brief for respondent Dale Construction Company.

Before Denecke, Chief Justice, and Tongue, Bryson, Linde, and Davis, Justices.

DAVIS, J., Pro Tempore.

**DAVIS, J., Pro Tempore.**

On the first occasion that this suit was before us we reversed the trial court and remanded to allow plaintiffs to file an amended complaint against both defendants or to take such other steps as might be appropriate in order to properly raise for decision by the trial court the question whether Dale may be named by plaintiffs as a party plaintiff or defendant. *Vandeventer v. Dale Construction Co.,* 271 Or 691, 534 P2d 183 (1975).

For a better understanding of this case, the facts as they appeared in our first opinion are hereinafter set forth:

"This is a suit for specific performance by the purchasers of a house and lot against both the seller of the house and the mortgage company which allegedly reneged upon a loan commitment to provide funds for the purchase of the house. Both defendants filed demurrers to the complaint, which were sustained. Plaintiffs appeal.

"The complaint alleges that plaintiffs entered into an earnest money agreement with defendant Dale Construction Company for the purchase of a lot and house which Dale was to build. That agreement, dated January 2, 1973, provided for a purchase price of $31,500, of which $1,650 was paid down and the balance 'payable as follows: Transaction subject to purchaser qualifying for a Federal V A loan, in the amount of $29,850.'

"The complaint then alleges that in February 1973 plaintiffs were qualified by the Veterans Administration for such a loan; that defendant Amfac Mortgage Corporation 'agreed to make said V A approved home mortgage loan to plaintiffs in the sum of $29,850.00 at 7% per annum for 30 years, and agreed to hold said sum for the benefit of defendant, Dale Construction Company,' and that Dale, in reliance upon that loan commitment by Amfac, proceeded to build the house substantially completing it by June 8, 1973.

"The complaint goes on to allege that plaintiffs, in reliance upon the Amfac commitment to make the loan and upon the agreement by Dale to execute a deed to the

property, did the following: (1) 'surrendered' their former house and moved into the new house; (2) paid an additional $1,000 for carpeting and also, at additional cost, installed a built-in dishwasher and extra lighting fixtures; (3) had the property landscaped and built a sidewalk to the garage, and (4) executed and delivered to Amfac a trust deed note and trust deed, and paid the sum of $1,075 for loan closing costs. Plaintiffs also allege that they 'performed all conditions previously required of them by defendants.' Finally, the complaint alleges that Amfac refused to 'conclude said loan as agreed upon,' and that Dale refused to convey title.

"The prayer of the complaint is to require Amfac to provide the funds; to require Dale to convey title, and for 'Such other further relief as the Court may deem just and equitable.' " *Vandeventer v. Dale Construction Co.,* supra, 271 Or at 693-94.

With leave of the trial court, plaintiffs filed an amended complaint against the same defendants. Dale demurred to this complaint; Judge Hieber sustained it on the basis that the additional matter pleaded in the third amended complaint differed but slightly from the second amended complaint and was not sufficient to state a cause of suit against Dale. After a motion to reconsider was denied, plaintiff declined to plead further and filed an appeal to this court. This appeal was dismissed upon motion of Dale for unstated reasons.

Defendant Amfac filed its answer and moved for a summary judgment based on the pleadings, the order of Judge Hieber sustaining the demurrer of Dale, and affidavits by employes of Amfac. Plaintiffs moved for a summary judgment by cross-motion supported by an affidavit of plaintiff Gary Vandeventer, with attached documents. Amfac's attorney thereafter filed an affidavit with attached documents.

Judge Musick wrote a lengthy memorandum opinion, quoted in part as follows:

"* * * * *.

"This Court will not decree that Amfac was obligated to make an unsecured loan. This is not a case like that of

*Columbus Club vs Simmons [Simons]* 110 Okla 48, 236 P 12, 41 ALR 350 where the mortgagor had title to the property and tendered title to which the mortgage lien would attach.

"It should be born [sic] in mind that the entire basis for this Court to assume equitable jurisdiction was the allegation that the plaintiff was seeking specific performance of a certain parcel of real property and since this Court no longer has jurisdiction as to that parcel of property, the entire basis for equity assuming jurisdiction no longer exists.

"* * * * *."

A summary judgment was granted in favor of Amfac.

Plaintiffs appeal Judge Hieber's ruling on Dale's demurrer and Judge Musick's ruling on the summary judgment in favor of Amfac.

We ruled in our former opinion that the complaint did state a cause of suit against Amfac but not as to Dale inasmuch as plaintiffs failed to allege payment or tender payment of the purchase price to him. We remanded the case back, as previously mentioned, recognizing the futility of plaintiffs' position as Dale was no longer a party to the suit.

We are now called upon to determine whether plaintiffs' third amended complaint stated a cause of suit against Dale and whether the summary judgment in favor of Amfac should be affirmed or set aside.

Plaintiffs' third amended complaint included the following paragraph, which was not pleaded in their second amended complaint:

"V

"That both defendants knew that in handling a Veterans Administration approved loan, that lending institution would also act as escrow agent on behalf of all parties including itself as lender; that defendant, Dale Construction Company, knew at all times herein mentioned that it must surrender a marketable title to said real property for the benefit of plaintiffs herein, to

defendant, Amfac Mortgage Corporation, as acting escrow agent before it would be paid the purchase price."

The earnest money agreement for the purchase of the property, signed by Dale and plaintiffs, provided that the sale was subject to plaintiffs' qualifying for a federal VA loan. It is plaintiffs' contention that this provision in the agreement placed Dale on notice that a loaning agency would handle the financing of the construction of the house. Plaintiffs further contended, and so pleaded, that Dale would be required to furnish a marketable deed to this property to the loaning agency before being paid and that it was the intent of all of the parties that Amfac would be the escrow agent for this purpose.

Dale argues that the earnest money agreement did not provide for an escrow agent, nor was he requested to furnish a marketable title to the property until he was paid in full. Amfac contends that it was not authorized to disburse funds to Dale until it had received a deed and recorded it in favor of plaintiffs.

■ The terms of an escrow agreement need not be in writing, and parol evidence is admissible to determine the intent of the parties. *Foulkes v. Sengstacken,* 83 Or 118, 158 P 952, 163 P 311 (1917); *Gaston v. City of Portland,* 16 Or 255, 19 P 127 (1888).

Plaintiffs' third amended complaint alleges, in paragraph VIII, as follows:

"VIII

"That Defendants jointly and severally have failed and refused, despite demand, to complete this transaction in that defendant, Amfac Mortgage Corporation, did not and has not made available to plaintiffs the loan funds, holding the same as acting escrow agent for the benefit of all parties hereto; and defendant, Dale Construction Company, did not and has not tendered nor surrendered said marketable title to Amfac Mortgage Corporation as acting escrow agent, and has otherwise failed and refused to conclude said transaction."

[ 822 ]

As previously mentioned in this opinion, we affirmed the trial court's ruling sustaining Dale's demurrer to plaintiffs' second amended complaint upon their failure to plead payment or tender payment. This failure has been overcome by the allegations in Paragraphs V and VIII in plaintiffs' third amended complaint.

■ We are of the opinion that plaintiffs' third amended complaint stated a cause of suit against Dale and that it was error for the trial court to sustain the demurrer in its favor.

■ It is apparent from the record that the summary judgment entered in favor of Amfac was based upon the fact that Dale was no longer a party to the suit.

For the reasons given in our previous decision[1] and the fact that by this decision Dale is reinstated as a party defendant, we reverse the order granting the summary judgment in favor of Amfac.

Reversed and remanded.

---

[1] *Vandeventer v. Dale Construction Co.,* 271 Or 691, 534 P2d 183 (1975).