### FOX, Ex'x, et al. v. FOX.

No. 15735—Opinion Filed March 16, 1926.

1. **Appeal and Error—Discretion of Lower Court—Rulings on Motion to Make More Definite and Certain.**

A motion to make more definite and certain is addressed to the sound discretion of the court, and a ruling thereon, in the absence of an abuse of such discretion that results prejudicially to the party complaining, will not be disturbed.

**2. Wills—Election as to Taking Under Will—What Constitutes.**

No general rule can be formulated defining what acts of acceptance or acquiescence will constitute an election between a devise in a will and a right inconsistent with the will, but there must be an intention to make an election, or some decisive act that will prevent restoring the parties affected to the same situation as if such acts had not been performed.

**3. Specific Performance—Oral Contract to Convey Land—Right to Relief.**

A suit in equity may be maintained to enforce specific performance of an oral contract for the conveyance of land, where the moving party has fully performed the terms of such contract on his part.

**4. Pleading—Discretion as to Allowing Amendments.**

The court may, before or after judgment, in furtherance of justice, allow the petition to be amended to conform to the facts proved, and the judgment of the trial court will not be reversed because of defects or omissions in the petition.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Canadian County; James I. Phelps, Judge.

Action by Roscoe C. Fox against Isabel Fox, as executrix of the last will of J. H. Fox, deceased, and the devisee, Charles S. Fox, and the heirs of J. N. Fox, praying to be declared the legal owner of lands in Canadian county, under and by virtue of an agreement with J. N. Fox, deceased. Judgment for the plaintiff, and defendant appeals. Affirmed.

A. G. Morrison, for plaintiffs in error.

H. L. Fogg and J. C. Snyder, for defendant in error.

Opinion by RUTH, C. While there are numerous parties named as defendants, now plaintiffs in error, there appears to be no issue except between plaintiff Roscoe C. Fox and defendant Charles S. Fox.

Plaintiff alleges his father, J. N. Fox, hereafter called the deceased, purchased the southwest quarter of section 33, township 12 north, range 6 west of the Indian meridian, in Canadian county, about 1897, and entered into an agreement with the plaintiff by the terms of which deceased agreed to devise to the plaintiff the south half of the southwest quarter of said section 33, provided plaintiff would remain with deceased and operate and manage deceased's farms until the debt incurred by the purchase of this additional farm was paid; that plaintiff operated the farms for a long period of time after the debt was paid; received no wages, and performed all the services required of him, and expected nothing save and except the lands promised him by the deceased; that about 1917, plaintiff, at the solicitation of deceased, made permanent improvements on the land promised to him, such improvements being of the reasonable value of $2,000; that prior to his death J. N. Fox made a will devising the southwest quarter of the southwest quarter of section 33 to plaintiff, and devised the southeast quarter of the southwest quarter of section 33 to the defendant, Charles S. Fox, and plaintiff prays that he be decreed to be the owner of the southeast quarter of the southwest quarter of section 33, so devised to Charles S. Fox, and the southwest quarter of the southwest quarter of section 33.

Defendants filed a motion to make the petition more definite and certain by stating whether the agreement entered into between plaintiff and deceased was in writing, and if in writing, that a copy of the written agreement be set forth in the petition. The motion was overruled, and the defendant excepted, and assigns the ruling of the court as error.

"A motion to make more definite and certain is addressed to the sound discretion of the court, and a ruling thereon, in the absence of an abuse of such discretion that results prejudicially to the party complaining, will not be disturbed." City of Lawton v. Hills, 53 Okla. 243, 156 Pac. 297; Ft. Smith & W. Ry. Co. v. Ketis, 26 Okla. 696, 110 Pac. 661; Frey v. Failes, 37 Okla. 297, 132 Pac. 342; City of Chickasha v. Looney, 36 Okla. 155, 128 Pac. 136; Terra Haute, Ind. & E. Traction Co. v. McDermott (Ind.) 144 N. E. 620.

Phoenix Ins. Co. v. Rowe (Ind.) 20 N. E. 112, wherein the court said:

"While the granting or refusing of such motions is not a matter wholly within the discretion of the nisi prius courts, it is nevertheless so far discretionary that a reversal would not follow, except in a case where it appeared that the rights of the party complaining may have suffered."

An examination of the petition and the whole record discloses that the rights of the defendant could have in no manner been prejudicially affected by the ruling of the court. The allegations of the petition specifically allege a complete performance of the contract on the part of the plaintiff, and a performance of such a nature as to render it impossible to place the plaintiff in his original position, and this court has repeatedly held that where a party to a contract has fully performed his part of the contract, and by reason of the particular nature of that

performance it is impossible to place him in his original position, the contract is taken out of the statute of frauds. It therefore becomes immaterial whether the contract alleged in the plaintiff's petition was oral or in writing; and the ruling of the court does not constitute reversible error.

Defendants filed their demurrer to plaintiff's petition, which was overruled by the court and exceptions allowed, and defendants assign the ruling of the court as error, and urge that the demurrer should have been sustained for the following reasons: First, that plaintiff accepted 40 acres of land under his father's will, and then instituted this action for specific performance to possess himself of another 40, and that he cannot take under the will and do any act which would defeat its terms; second, that the contract upon which plaintiff predicated this action must, under the statute of frauds, be in writing. There is nothing in the petition to indicate that plaintiff had taken under the will, or had signified any intention to take under the will. In fact, the very filing of his petition for the purpose of acquiring title to the 40 acres devised to Charles S. Fox negatives the idea that it was his intention to take under the will. While his petition prayed that he be declared the owner of the 40 so devised to Charles S. Fox, the prayer was subsequently amended to include the south half of the southwest quarter of section 33, being the 80 acres agreed to be devised to plaintiff, and upon which he had erected lasting and permanent improvements. The petition simply recited the fact that by the will certain lands were devised to the plaintiff, and certain lands, to which the plaintiff was entitled, were devised to Charles S. Fox, and it developed at the trial that after the executrix qualified and the will was admitted to probate, nothing further was done in re estate of J. N. Fox. The estate was not settled; no distribution was had or attempted under the will; no petition for distribution had been filed; and no person had taken, or could have taken, under the will at the time of the filing of plaintiff's petition.

"No general rule can be formulated defining what acts of acceptance or acquiescence shall be sufficient to constitute an election between a devise in a will and a right inconsistent with the will, but there must be an intention to make an election, or some decisive act that will prevent restoring the parties affected to the same situation as if such act had not been performed." Cobb v. McFarland, 87 Neb. 408, 127 N. W. 377; Cooley v. Huston, 78 Atl. 1129, 229 Pa. 495.

And so it has been held that the allowance of a will propounded for probate with the

consent of the surviving spouse, appearing as the sole contestant, is distinct from the right to waive the provisions of the will for his or her benefit, and mere consent to probate is not an election to take under the will instead of as statutory heir. McGrath v. Quinn, 105 N. E. 555, 218 Mass. 27.

The Supreme Court of Ohio, in Bedout v. Quick (Ohio) 90 N. E. 162, has held that a devisee under a will, who in his pleadings claims both under and against the will, does not thereby either make an election or waive his right to make it. The court in the body of the opinion said:

"On behalf of plaintiff in error it is said that since the original petitioners proceeded upon the theory that the four residuary devisees were entitled each to one-fourth of the one-half of the 15 acre tract which testatrix actually owned, that they became estopped to claim interest in the 25 acres which they had previously derived by descent from their father, * * * and estopped to claim thereafter their interest in the larger tract (the 25 acre tract) and that they had elected to take in the largest tract (the 41 acre tract). What this doctrine of estoppel that has been pleaded required of them, is an election. They were urging two inconsistent demands. By urging two inconsistent demands they did not waive either of them. * * * No election was made in the present case until the residuary devisees upon the trial disclaimed their interest and rights as devisees and legatees under the will of their mother."

In Cobb v. McFarland, supra, the court said, after citing Medill v. Snyder, 61 Kan. 15, 58 Pac. 962, 78 Am. St. Rep. 307, Bierers' Appeal, 92 Pa. 265, and Goodrum v. Goodrum, 56 Ark. 532, 20 S. W. 353:

"Under the advice of her counsel it may fairly be said that the plaintiff attempted to take both the land given her by the will and the land she claimed to be entitled to under the alleged contract. This was done under a mistake as to her rights, but if it had been done purposely and intentionally it could not be said to be an election. An attempt to take over one and reject the other is an election, but an attempt to take both cannot be said to be. Huston v. Cohn, 24 Ohio St. 11. The plaintiff cannot be said to have elected to take her share of the proceeds of the sale of the 240-acre tract as given her by the will in lieu of her right to the other tract of land under her alleged contract, unless in taking the proceeds of the sale. she acted in full knowledge of her rights and intended by that act to choose the one rather than the other. Milliken v. Welliver, 37 Ohio St. 460."

It may be stated as a general proposition that equity has never laid down any rules determining what conduct shall amount to an implied election to take under a will, and

each case must depend on its own circumstances. Owens v. Andrews, 17 N. Mex. 597, 131 Pac. 1004, 49 L. R. A. (N. S.) 1072.

There being no express or implied election to take under the will, in the instant case, as disclosed by the plaintiff's petition, the demurrer was upon this ground properly overruled.

After defendants' demurrer was overruled, answer was filed, in which defendants deny the contract made between the deceased and the plaintiff; deny that deceased made any suggestion that plaintiff should place improvements upon the land; deny the plaintiff worked for deceased after he became of age without remuneration; and further plead that if any agreement was had between the deceased and plaintiff, with relation to the land, the same was an oral contract and not binding under the laws of Oklahoma requiring such contracts to have been in writing and signed by the parties.

After reply filed the cause was tried to the court, and judgment rendered for plaintiff, decreeing him to be the owner of the south half of the southwest quarter of section 33, township 12 north of range 6 west of the Indian Meridian, in Canadian county, Okla. Motion for new trial was filed and overruled, and defendant assigns as error that the evidence was insufficient to sustain a judgment in favor of plaintiff.

Ten witnesses testified for plaintiff, including one son and daughter of deceased. These witnesses had known deceased and were his immediate neighbors for upwards of 30 years, and they testified that ever since J. N. Fox purchased this land he had always spoken of the south half as Ross' (this plaintiff's) land, and while plaintiff was erecting the house on the south half and digging wells, J. N. Fox sat around the place and spoke of the improvements as being on Ross' land, and one of the witnesses, in the presence of plaintiff and J. N. Fox, said, "Well, if this is Ross' land, Ross ought to have a deed to it"; and J. N. Fox said: "Oh, me and Ross has that all fixed in black and white. Ross has stayed with me and helped me pay the land out and he gets it when I die."

Even the defendants' witness, Eugene Fox, a brother of plaintiff, though testifying his father had authorized Ross to put $500 worth of improvements on the south half, he nevertheless testified on cross-examination that deceased had often said "Ross," this plaintiff, was to get this south half when the father died, as Ross had stayed with the father and worked the father's farms and paid off the debt. It appeared

further from the evidence that J. N. Fox mortgaged the home place as well as the southwest quarter of section 33, and plaintiff managed the farms and cleared up and paid off these mortgages.

The oral contract between the father and this plaintiff is fully established by competent evidence which is uncontroverted. It is further proven plaintiff performed all the conditions of the agreement and paid off the mortgages on the old home place and off the 160 acres, and placed permanent improvements on the south half of the value of $1,500 to $2,000, under an agreement that the 80 acres, or the south half, should be the plaintiff's property upon the death of his father. Defendant contends that this agreement, being oral and relating to lands, is unenforceable.

In King v. Gant, 77 Okla. 105, 186 Pac. 960, this court held:

"A suit in equity may be maintained to enforce specific performance of an oral contract for the conveyance of land, where the moving party has fully performed the terms of such contract on his part."

In Purcell v. Corder, 33 Okla. 68, 124 Pac. 457, the plaintiff alleged he was to have certain lands after the death of the testator, and defendants demurred, setting up the statute of frauds, and the demurrer was by the trial court sustained, and an appeal lodged in this court, where the judgment of the lower court was reversed, this court saying:

"But, although this agreement was a mere parol one, if there was a part performance of it, of such character, upon the principles recognized and acted upon by this court, will take a parol agreement out of the statute, then there is nothing peculiar about an agreement of this kind to exclude it from the operation of those principles. If one party to a parol agreement has wholly or partially performed it on his part, so that its nonfulfillment by the other is a fraud, the court will compel a performance. In this case the son performed his part of the agreement." Johnson v. Hubbel, 10 N. J. Eq. 332, 66 Am. Dec. 773.

Upon a retrial judgment was for the plaintiff and affirmed by this court in Corder et al. v. Purcell, 50 Okla. 771, 151 Pac. 482.

See, also, Schoonover v. Schoonover (Kan.) 121 Pac. 485, 38 L. R. A. (N. S.) 752; Gladville v. McDole, 247 Ill. 34, 93 N. E. 86; Peterson v. Bauer (Neb.) 119 N. W. 764; Taft v. Taft (Mich.) 41 N. W. 481; Anderson v. Anderson (Kan.) 88 Pac. 743, 9 L. R. A. (N. S.) 229; Taylor v. Taylor (Kan.) 99 Pac. 814; Best v. Graylapp (Neb.) 5 A. & E. Cas. 491; Dunn v. Berkslure (Ill.) 51 N. E.

770; Oles v. Wilson (Colo.) 141 Pac. 489; Words v. Dunn (Ore.) 159 Pac. 1158; Bedal v. Johnson (Idaho) 218 Pac. 641; Bassett v. Am. Bapt. Pub. Soc. (Mich.) 15 L. R. A. 213; In re Sherman, 53 N. Y. S. 376, 24 Mis. Rep. 65; Kelley v. Devin (Ore.) 132 Pac. 535; Touts v. Roof (Ill.) 50 N. E. 462; Horner v. McConnell (Ind.) 63 N. E. 472; Owen v. McNally (Cal.) 45 Pac. 710.

For general principles, see 25 R. C. L. 311; Dec. Digest, vol. 20, page 940.

A full examination of all the evidence discloses the fact that the judgment of the court is reasonably sustained thereby, and the judgment will not be disturbed upon this ground, and there was a proper application of the law to the facts. .

After the trial, and before the journal entry of judgment was signed, the plaintiff moved to amend his petition. By the original petition plaintiff prayed that he be decreed the owner of the fee in and to the southeast quarter of the southwest quarter of section 33, township 12, being the lands attempted to be devised to Charles S. Fox. All defendants disclaimed any interest in the southwest quarter of the southwest quarter, being the lands devised to plaintiff, and at the conclusion of the evidence plaintiff moved to amend the prayer of his petition to read that he be decreed the owner of the southeast quarter and the southwest quarter of section 33, this being the south half of section 33, and leave to amend being granted, the defendant excepted and assigns error, based upon the theory that plaintiff had elected to take 40 acres under the will, and by this amendment was, in effect, bringing an action for an additional 40 acres, and changed the cause of action. With this contention of the defendant we cannot agree. The question of election, as well as the question of estoppel, has been passed upon in this opinion, and a further discussion of the point is unnecessary.

The amended prayer in no manner changed the cause of action, although it increased the acreage sought to be decreed in this action, but no defendant was claiming an interest in the southwest quarter of the southwest quarter, and it would have required the same evidence to support the amended petition as the original petition. The defendant could not have been surprised, as defendant admits the southwest quarter of the southwest quarter was the plaintiff's under the terms of the will, and by amending the petition, as herein indicated, it was not prejudicial to the rights of the defendant.

This was a suit in equity, and the petition contained a prayer for general relief, which prayer is said by equity text-writers to be second only to the Lord's Prayer. It was immaterial what particular relief the plaintiff prayed for in his petition, if the amendment did not change the cause of action or require different or additional evidence to support the amendment. The court had full power, after hearing all the evidence, to grant all the relief that he found due in equity.

In 21 R. C. L. 489, para. 53, the rule is stated as follows:

"The rule is well established that the relief prayed for, as to which the plaintiff may be entitled, is no part of the cause of action. * * * Ordinarily, it is the duty of the court to render such judgment as on the whole record the law requires, without regard to any request or want of request therefor; and hence it is that the issues and proof and not the form of prayer for judgment determine the nature of the relief to be granted. * * * A prayer for general relief is sufficient to enable the court to afford the appropriate relief, even to the granting thereunder of additional relief from that specially prayed for, if supported by the allegations of his bill, and established by competent evidence."

This court, in Gerhardt v. Moulder, 85 Okla. 200, 205 Pac. 141, held:

"The court may, before or after judgment, in furtherance of justice, allow the petition to be amended to conform to the facts proved, and the judgment of the trial court will not be reversed because of defects or omissions in the petition when such defects or omissions are supplied by proof."

See Elwood Oil & Gas Co. v. Gano, 76 Okla. 287, 185 Pac. 443; Elliott v. Coggswell, 56 Okla. 239, 155 Pac. 1146; Merchants & Planters Ins. Co. v. Crane, 36 Okla. 160, 128 Pac. 260; American Warehouse Co. v. Gordon, 41 Okla. 618, 139 Pac. 123; Cohee v. Burnham, 6 Okla. 736, 52 Pac. 924; Willett v. Johnson, 13 Okla. 563, 76 Pac. 174.

Section 318, Comp. Okla. St. 1921 (sec. 4790, R. L. 1910), provides:

"The court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process, or proceeding * * * by inserting other allegations material to the case, or conform the pleading or proceedings to the facts proved, when such amendment does not change substantially the claim' or defense."

This court has construed this section in a number of cases, and it is unnecessary to cite additional authorities.

Finding no error in the record, we recom-

mend the judgment of the trial court in all matters be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 801 §2758; p. 942 §2916; 31 Cyc. p. 645; 21 R. C. L. p. 600 et seq.; 3 R. C. L. Supp. p. 1174; 4 R. C. L. Supp. p. 1422; 5 R. C. L. Supp. . 1166. (2) 40 Cyc. 1977; anno. 49 L. R. A. (N. S.) 1072; 28 R. C. L. p. 330. (3) 36 Cyc. p. 643 (Anno). (4) 4 C. J. p. 1170 §3176; 31 Cyc. pp. 448, 454; 21 R. C. L. p. 572; 3 R. C. L. Supp. p. 1170; 4 R. C. L. Supp. 1421; 5 R. C. L. Supp. p. 1164.