## FOSTER v. MEYERS.

No. 20191.  Opinion Filed July 7, 1931.

P. E. Gumm and Sigler & Jackson, for plaintiff in error.

W. E. Cruce and Potter & Potter, for defendant in error.

ANDREWS, J.  This action was commenced in the district court of Carter county by the plaintiff in error, hereinafter referred to as plaintiff, against the defendant in error, hereinafter referred to as defendant, to recover a judgment on an oral contract between plaintiff and defendant for the recovery of a one-half interest in the real estate and other property inherited by the defendant from his wife, for an accounting, for the establishment of a trust, for a restraining order, and for appointment of a receiver to take charge of the property pending the determination of the litigation. The court rendered a judgment for the defendant, and the plaintiff appealed to this court.

The plaintiff alleged that he and the defendant entered into an oral agreement which, in the language of the brief, was:

"That, if the plaintiff would help the defendant to straighten out his marital troubles and do whatever plaintiff could to maintain said marital relationship between the defendant and his wife, that in the event the defendant ever obtained anything out of the estate of his wife, that he, the defendant, would divide it equally with the plaintiff."

The record discloses substantially the following facts: The defendant and one Allie Daney Burton, a full-blood Choctaw Indian, were married in Carthage, Mo., on August 10, 1922. Allie Daney Burton had been divorced at Muskogee, Okla., from her former husband, Lon Burton, on July 8, 1922. Soon after their marriage they returned to Muskogee and were living together as man and wife. She was threatened with a criminal prosecution for living with the defendant as his wife within less than six months after the divorce. A temporary separation immediately took place between the parties. The defendant consulted an attorney and was advised by him that no criminal prosecution could be successfully maintained against her. They then resumed their marriage relationship and lived together as husband and wife until her death on January 21, 1926, at Ardmore, Okla., to which place they had moved, and where they had established a home a few months after their marriage.

The plaintiff presents four assignments of error, the first and second of which will be considered together. The third and fourth will not be considered by this court for the reason that, under the view we take of the law applicable hereto, the determination of

the first two assignments of error determines the cause.

It is contended that both the finding of facts and the judgment of the trial court are contrary to the clear weight of the evidence and are not supported thereby. The evidence before the trial court was conflicting as to whether the agreement relied upon by the plaintiff was entered into. The burden of establishing the contract relied upon by the plaintiff was on the plaintiff. The trial court found that the evidence was conflicting, that it was not sufficient to support the allegations of the plaintiff, and that no contract was entered into between the plaintiff and the defendant. There is a sharp conflict shown by the record between the statements made by the plaintiff with reference to the agreement and those made by the defendant with reference thereto. The issue was largely a question of veracity between the plaintiff and the defendant. The trial court heard all of the evidence, had opportunity to observe the demeanor of the witnesses, and was in a better position than this court now is to determine the weight and effect to be given to the testimony. The trial court determined that the weight of the testimony was against the plaintiff. We have examined the record and read the testimony, and we cannot say that the judgment of the trial court on the issues of fact presented to it was against the clear weight of the evidence. Since it is not against the clear weight of the evidence, the findings of fact and the judgment of the trial court are not contrary to the evidence, and the judgment of the trial court will not be disturbed by this court.

In addition to a finding against the contention of the plaintiff as to the existence of the contract, the trial court found that the marriage between Allie Daney Meyers and S. W. Meyers was in violation of the laws of the state of Oklahoma. Under the state of the record, that finding and the judgment based thereon were of no effect. That court was without authority of law to determine the invalidity of that marriage in an action in which the heirs of Allie Daney Meyers were not parties.

The trial court found and adjudged that, "even if there had been a contract entered into by and between the plaintiff and defendant, as alleged and testified by the plaintiff, the same would be void as against public policy." It is unnecessary for us to discuss that question.

The judgment of the trial court is affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur.