**COSSOTA v. HIRSH et al.**

No. 21083.   Opinion Filed July 19, 1932.

230

Lillard & Wheeling, for plaintiff in error.

Leon S. Hirsh, Harris Danner, D. S. Levy, and Edward Hirsh, for defendants in error.

HEFNER, J. This is an action brought in the district court of Oklahoma county by V. C. Cossota against Leon S. Hirsh and others to cancel deeds to certain real estate located in the city of Oklahoma City, Okla., and to obtain a decree reinvesting title thereto in him.

Plaintiff alleges that he executed a deed to the premises to Ed Hirsh; that the same was without consideration; that Ed Hirsh was at that time his legal adviser; that he, plaintiff, was in financial difficulties and the deed was executed at the suggestion of Hirsh on the agreement that, after the situation was adjusted, he would reconvey the premises to him. It is further alleged that, after the execution of the deed to Ed Hirsh, the name of the grantee therein was changed, without his knowledge and consent, to Leon S. Hirsh; that thereafter Leon S. Hirsh conveyed the premises to Jake Hughes, and that such latter deed was without consideration.

Defendants answered by way of a general denial, and alleged that the deed was executed by plaintiff to Ed Hirsh in payment of a balance due on fees for legal services rendered. They admitted that the name of the grantee in the deed was changed, but contend that such change was made prior to the execution of the deed by plaintiff and was made with his knowledge and consent.

When the case was called for trial, plaintiff demanded a jury trial which demand was by the court denied. The case was then, over objection of plaintiff, tried to the court and resulted in judgment in favor of defendants, and title to the premises was quieted in defendant Jake Hughes. Plaintiff asserts that the court erred in denying him a trial by jury. We do not agree with this contention.

The primary purpose of this action was to cancel the deeds in question, and to obtain a decree reinvesting title in plaintiff. It was therefore an action in equity and plaintiff was not entitled to trial by jury as a matter of right. Warner v. Coleman, 107 Okla. 292, 231 P. 1053; Zwirtz v. Dorl, 123 Okla. 284, 253 P. 75.

Plaintiff further contends that the court erred in refusing to cancel the deeds for the reason that there was a material alteration therein subsequent to the execution thereof. The evidence on this issue is conflicting. Plaintiff introduced evidence to show that the alteration was made without his knowledge or consent sometime after the execution of the deed; defendants Hirsh testified that the alteration was made with the consent of plaintiff prior to the execution thereof; this conflict in the evidence was by the court resolved in favor of defendants. We cannot say that this finding is against the clear weight of the evidence, and we are bound thereby.

The same may be said as to plaintiff's contention that there was no consideration for the deed. Both defendants testified that the deed was executed in payment of a balance due defendants on a legal fee; they denied they ever agreed to reconvey the premises to plaintiff. Plaintiff testified to the contrary. Defendants introduced in evidence a contract signed by plaintiff subsequent to the execution of the deed here involved, in which it was recited that there was some controversy as to a prior understanding and settlement between plaintiff and defendants, and that for the consideration therein stated, all matters between the parties should be conclusively and finally adjusted. Defendants testified that plaintiff had raised some question that the property here involved was held by them in trust for him, and that the contract was drawn and the consideration therein recited paid in order to finally settle and adjust this difference. Plaintiff testified that, at the time this contract was drawn and the consideration therein paid, nothing was said relative to the premises here involved and that it was his understanding that the same should still be held in trust for him by defendants. On this conflicting evidence, the trial court found generally in favor of defendants.

We cannot say that the judgment is

against the clear weight of the evidence, and it is therefore affirmed.

LESTER, C. J., and CULLISON, ANDREWS, and KORNEGAY, JJ., concur. CLARK, V. C. J., not participating. RILEY and McNEILL, JJ., absent.