## STOW et al. v. BRUCE et al.

No. 26084. May 26, 1936.

Rehearing Denied Oct. 20, 1936.

Application for Leave to File Second Petition for Rehearing Denied Nov. 10, 1936.

- 128

Gasper Edwards, for plaintiffs in error.

Darrough & Foster and Lynn J. Bullis, Jr., for defendants in error.

PER CURIAM. This action was commenced in the district court of Oklahoma county by Ella M. Bruce and Abner Bruce, as plaintiffs, defendants in error in this proceeding, against Richard Leonard Stow, Ozius M. Stow, and Carrie Edwards Ford, nee White, as defendants, plaintiffs in error herein, the nature of which was to establish a trust in certain land, cancel and set aside certain deeds relative thereto, and for other equitable relief. Judgment was generally for the plaintiffs and against the defendants, and this appeal follows, and the parties will be referred to as they appeared in the trial court.

While this action was pending before this court the defendant Richard Leonard Stow departed this life, and this court under date of February 18, 1936, and with the consent of counsel, revived this appeal as to said Richard Leonard Stow, deceased, in the name of Carrie E. Ford and Ozius M. Stow, executrix and executor of the estate of said Richard Leonard Stow, deceased.

The petition in this case alleges substantially as follows: That Richard Leonard Stow, an aged person, was the father of the defendants Ozius M. Stow and Carrie Edwards Ford, nee White, and the plaintiff Ella M. Bruce, and was the father-in-law of the plaintiff Abner Bruce; that he was the owner of certain lands in Oklahoma county, and resided thereon; that the plaintiffs resided in Sapulpa, Creek county, Okla., and in pursuance of an oral contract entered into by and between themselves and the defendant Richard Leonard Stow moved from Sapulpa to Oklahoma county to take care of said defendant Richard Leonard Stow, and his property; that under the terms of said contract the defendant Richard Leonard Stow, in consideration of the plaintiffs leaving their home in Sapulpa, moving to Oklahoma county with him, looking after him and his property, and otherwise caring for him until his death, agreed to make a will leaving said property to the plaintiff Ella M. Bruce; that thereafter the plaintiffs did move to Oklahoma county, move upon the farm of said Richard Leonard Stow, where they have resided ever since, and that they have fully performed their part of the oral agreement.

The petition further alleges that thereafter, and on the 3rd day of May, 1933, the said Richard Leonard Stow deeded the said property to the defendants Ozius M. Stow and Carrie Evelyn Ford, nee White, and which deeds were duly recorded; that the grantees in said deeds recorded same and did exercise further control over a part of said property; that the plaintiffs were the owners in fee of a certain part of the lands adjacent to those owned by the defendant Richard Leonard Stow.

The relief prayed for was the cancellation of said deeds, and to enforce a trust in favor of the plaintiffs in the lands in question, and for other equitable relief.

To said petition the defendants filed an answer denying generally and specifically the allegations of plaintiff's petition, and the defendant Richard Leonard Stow filed a cross-petition in which he alleged that he had furnished money and other property to the plaintiffs, and prayed that there should be a complete accounting between the parties, or in lieu of an accounting that he have judgment against the plaintiffs in the sum of $10,000.

The case was tried to the court, without the intervention of a jury, and the trial court found the issues generally in favor of the plaintiffs and against the defendants, making specific findings in the journal entry of judgment filed herein. It entered an order canceling the deeds, declaring a trust in the lands of Richard Leonard Stow in question in favor of the plaintiffs, and denying the accounting sought by the defendant Richard Leonard Stow.

The trial court found the facts substantially as alleged in plaintiffs' petition, and in addition thereto found that pursuant to the oral contract Richard Leonard Stow did

on or about the 4th day of March, 1929, make and execute his last will and testament and delivered the same to the plaintiffs, in which he carried out his oral agreement and devised the lands here in question to his daughter, Ella M. Bruce, one of the plaintiffs, and that the deeds to the defendants Ozius M. Stow and Carrie Edwards Ford, nee White, were made and executed without any consideration and that the grantees therein had full knowledge of the rights of plaintiffs in and to said land and that the same were in violation of the oral agreement and terms of said will.

We have carefully reviewed the evidence in this case, and although there are sharp conflicts on some matters adduced, we find the evidence is sufficient to justify the findings of the trial court, and this court is committed to the rule that:

"In an equitable action, the presumption is in favor of the finding of the trial court, and it will not be set aside, unless the same is against the clear weight of the evidence." Myers v. Hamlin, 145 Okla. 59, 291 P. 524; Forbes v. Becker, 150 Okla. 281, 1 P. (2d) 721, Foster v. Meyers, 150 Okla. 219, 1 P. (2d) 373.

The defendants complain of the refusal of the court to grant a trial by jury. The law is well settled in this state that an action, the primary purpose of which is to set aside certain deeds conveying real estate and to obtain a decree reinvesting title thereto in the plaintiff, is one in equity, and in such an action neither party is entitled to a trial by jury. Cossota v. Hirsh, 158 Okla. 229, 13 P. (2d) 131. See, also, Evans v. Local Bldg. & Loan, 169 Okla. 274, 36 P. (2d) 895; Moschos v. Bayless, 126 Okla. 25, 258 P. 263; Harris v. Davis, 170 Okla. 35, 38 P. (2d) 562; and Lee v. Terrell, 170 Okla. 310, 40 P. (2d) 10. This rule is equally applicable where the purpose is to reinvest title in a grantor.

Complaint is also made of the introduction in evidence of the last will and testament of the said Richard Leonard Stow. No objection appears to have been made to the introduction of this instrument in evidence, and it was therefore properly before the trial court and this court on appeal, and the pleadings will be treated as amended to conform to the proof. Prejudicial error cannot be predicated upon proof of facts already in evidence, without objection.

Brown v. McNair, 125 Okla. 144, 256 P. 903; M., O. & G. Ry. Co. v. Miller, 45 Okla. 173, 145 P. 367; St. L. & S. F. Ry. Co. v. Duke, 192 F. 306, 112 C. C. A. 564; Western Coal Co. v. Greeson (C. C. A.) 284 F. 510; Hickman v. Layne, 47 Neb. 177, 66 N. W. 298; M., K. & T. Ry. Co. v. Elliott (C. C. A.) 102 F. 96.

This court has held that "a suit in equity may be maintained to enforce specific performance of an oral contract for the conveyance of land, where the moving party has fully performed the terms of such contract on his part." King v. Gant, 77 Okla. 105, 186 P. 960; Fox v. Fox, 117 Okla. 46, 245 P. 641, and cases therein cited. See, also, Brooks v. Yarbrough, 37 Fed. (2d) 527.

Applying this rule of law to the facts in this case, it is apparent that the plaintiffs had fully performed all of the conditions of the agreement up to the time of the breach of the agreement by the defendant Richard Leonard Stow. It is contended that the action is premature, but it seems plain that, the plaintiffs having fully complied with their part of the agreement, their cause of action accrued upon the breach of the agreement by the defendant Richard Leonard Stow, that is, upon his deeding the property in question to the other defendants herein.

The rights of bona fide purchasers of said property are not involved in this case.

The rules above discussed and applied necessarily dispose of all of defendants' assignments of error, and the judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys John R. Pearson, W. N. Palmer, and E. H. Mattingly in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Pearson, and approved by Mr. Palmer and Mr. Mattingly, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

RILEY, Acting C. J., and WELCH, PHELPS, CORN, and GIBSON, JJ., concur. McNEILL, C. J., OSBORN, V. C. J., and BAYLESS and BUSBY, JJ., absent.